**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 14 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BANK OF STOCKTON, | No. 09-15909 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-02257-JAM-GGH |
| v. | |
| VERIZON COMMUNICATIONS, INC., | MEMORANDUM [*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted March 9, 2010
San Francisco, California

Before: B. FLETCHER and CLIFTON, Circuit Judges, and WALKER,[**] Chief District Judge.

The Bank of Stockton appeals the district court's grant of summary

judgment in favor of Verizon Communications, Inc. in this suit for damages from

the alleged wrongful escheatment of the Bank's Verizon stock under California's

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Vaughn R. Walker, Chief United States District Judge for the Northern District of California, sitting by designation.

Unclaimed Property Law, Cal. Civ. Proc. Code §§ 1300, *et seq.* We affirm.[1] The Bank received the proceeds of the State Controller's sale of its Verizon shares pursuant to California Civil Procedure Code section 1540 and failed to show damages beyond the amount tendered to it.

The Bank's proposed calculation of damages at the "highest market value" of the stock following its alleged conversion relies on cases applying an obsolete version of California Civil Code section 3336. *See Potts v. Paxton*, 153 P. 957 (Cal. 1915). That statute was amended in 1931 to replace the "highest market value" measure of damages with a provision allowing a court to award "an amount sufficient to indemnify the party injured for the loss which is the natural, reasonable and proximate result of the wrongful act complained of and which a proper degree of prudence on his part would not have averted." Cal. Civ. Code § 3336; *see Wong v. Paine, Webber, Jackson & Curtis*, 24 Cal. Rptr. 821, 823 (Ct. App. 1962) ("The amendment deprived the complaining party of the unqualified right to choose, as the basis for his damages, the highest value of the property between the date of the conversion and the trial. That was the very purpose of the amendment.").

---

[1]We grant the Bank's request for judicial notice of publicly reported Verizon stock prices, and we deny Verizon's motion to strike portions of the Bank's reply brief.

Under California law, "[a] plaintiff has a duty to mitigate damages and cannot recover losses it could have avoided through reasonable efforts." *Thrifty-Tel, Inc. v. Bezenek*, 54 Cal. Rptr. 2d 468, 474 (Ct. App. 1996). The Bank failed to mitigate any loss it did incur by repurchasing its escheated stock with the proceeds of the Controller's sale or by taking other steps in mitigation after Verizon declined to reverse the unauthorized stock transfer. Thanks to the fortuitous timing of the Controller's sale and tender of the proceeds to the Bank, it had ample opportunity to repurchase its original shares and more than compensate for any "time and money properly expended in pursuit of the property." Cal. Civ. Code § 3336. The Bank failed to demonstrate any "loss which [was] the natural, reasonable and proximate result of the wrongful act complained of," Cal. Civ. Code § 3336, in an amount that exceeded the Controller's tender of the proceeds from the sale of the shares.

The Bank's assertion that it incurred federal tax liability from the involuntary sale of its stock was not substantiated by any evidence in the record, nor did the Bank offer a plausible rebuttal to the observation that it could have avoided realizing any taxable gain by simply repurchasing the shares. *See* 26 U.S.C. § 1033.

3

In light of the windfall the Bank could have reaped as a result of the decline in the share price after the State sold the stock, the district court properly rejected the Bank's claim for interest on that sum. *See* Cal. Civ. Code § 3336; *Tyrone Pac. Int'l, Inc. v. MV Eurychili*, 658 F.2d 664, 666 (9th Cir. 1981) (noting that courts may decline to award the "value . . . at the time of conversion with interest" to avoid manifest injustice to the defendant (quoting *Myers v. Stephens*, 43 Cal. Rptr. 420, 430 (Ct. App. 1965))).

**AFFIRMED.**